**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**PATRICK RADER, #125202**                                                         **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 3:09-cv-17-HTW-LRA**

**TOBY TOWBRIDGE**                                                   **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER</u>

      This cause comes before this Court *sua sponte* for consideration of dismissal. On January 12, 2009, the Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. In his complaint, Plaintiff asserted that he had been held in the Madison County Jail for 202 days while awaiting commencement of his state sentence and that Defendant Towbridge refused to credit Plaintiff the 202 days toward the calculation of his eight year sentence. On June 8, 2009, an order [13] was entered directing Plaintiff to file a notice of voluntary dismissal and file a petition for habeas corpus relief, on or before June 28, 2009, alternatively, this case would be dismissed for failure to state a claim for which relief can be granted. The Plaintiff was warned in this Court's order [13] of June 8, 2009, that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint.

      Plaintiff filed a petition for habeas corpus relief in this Court (5:09-cv-106-DCB-MTP) on June 25, 2009, however, he has not contacted this Court regarding the instant case since the entry of the order [13]. Therefore, in an order [14] entered August 6, 2009, Plaintiff was directed to submit a written response regarding his intentions concerning the instant case. The Plaintiff was warned in this Court's order of August 6, 2009, that failure to advise this Court of a change of address or failure to timely comply with the requirements of the orders would result in this

cause being dismissed. Plaintiff failed to comply with this Court's order to show cause [14].

On September 30, 2009, this Court entered a second order [15] directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's orders [13 & 14] of June 8, 2009, and August 6, 2009. In addition, Plaintiff was directed to comply with the June 8, 2009 order [13] on or before October 15, 2009. The Plaintiff was warned in this Court's order of September 30, 2009, that failure to advise this Court of a change of address or failure to timely comply with the requirements of the orders would result in this cause being dismissed. Plaintiff failed to comply with this order. On October 15, 2009, the envelope [17] containing this Court's order [15] was returned by the postal service with the notation "return to sender."

Plaintiff has failed to comply with three Court orders and has failed to keep this Court informed of his current address. Additionally, Plaintiff has not contacted this Court regarding this case since February 19, 2009. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with Court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and

failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the Defendant has not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 28th day of December, 2009.

               **s/ HENRY T. WINGATE**
               **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:09-cv-17 HTW-LRA
Memorandum Opinion and Order